**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RONALD GENE TUCKER STEWART
ADC #144658                                                                                       PLAINTIFF

V.                              CASE NO. 4:15-CV-00489 SWW/BD

PULASKI COUNTY REGIONAL
DETENTION FACILITY, et al.                                                              DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.**    **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**    **Discussion**

Ronald Gene Tucker Stewart, an Arkansas Department of Correction inmate formerly housed at the Pulaski County Regional Detention Center ("Detention Center"), filed this lawsuit under 42 U.S.C. § 1983. (Docket entry #1) In his original complaint, Mr. Stewart failed to identify any individuals as Defendants, so the Court allowed him to

file an amended complaint. He has now filed an amended complaint. The Court has construed the allegations in both the original and amended complaints liberally. Even so, Mr. Stewart has not stated any federal claims for relief.

    A.    Original Complaint

In his original complaint, Mr. Stewart alleges that his legal papers were confiscated. Unfortunately for Mr. Stewart, an allegation that prison officials impeded access to the courts, standing alone, does not amount to a constitutional violation. This constitutional violation requires a showing that a defendant kept the prisoner from litigating a claim and, by this misconduct, caused the prisoner to suffer an actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir.2007). "Actual injury" means that a non-frivolous legal claim was "frustrated or ... impeded." *Id*. Here, Mr. Stewart has not alleged any actual injury to support this claim.

A county jail is not a "person" that can be sued under § 1983. See *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (county jail is not an entity subject to suit under § 1983). For that reason, Mr. Stewart's claims against the Detention Center fail.

    B.    Amended Complaint

Mr. Stewart alleges that he was wrongfully convicted of a state crime, and he seeks money damages.[1] He is currently serving time in the ADC for a parole violation based on

---

[1] Mr. Stewart also asks that the Court determine the name of his probation officer who visited him at the Detention Center in January of 2015. That is not the sort of relief that can be obtained in a § 1983 lawsuit.

that underlying state conviction. If Mr. Stewart believes he is being wrongly detained, his sole remedy is to file a federal habeas corpus petition under 28 U.S.C. § 2254.

To the extent Mr. Stewart seeks money damages for the alleged wrongful conviction, his claim is premature. Under settled law, if a judgment in favor of a prisoner in an action brought under 42 U.S.C. § 1983 would necessarily imply the invalidity of a conviction, continued imprisonment, or sentence, the prisoner cannot pursue a claim for damages until the conviction or sentence has been reversed, expunged, or called into question by a state tribunal or federal court. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

In addition, Mr. Stewart has sued his attorney, Diane Kennedy. In a civil rights action under 42 U.S.C. § 1983, a plaintiff can sue only individuals who were acting under color of law. Because Mr. Stewart has not alleged any facts that would lead the Court to conclude that Ms. Kennedy is a state actor, this claim must be dismissed.[2]

Finally, Mr. Stewart names a deputy prosecuting attorney, Robbie Jones, as a Defendant. Prosecutors have absolute immunity from claims for damages based on their official acts. *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir.1988). Thus, Mr. Stewart's claims against Defendant Jones also fail.

---

[2] Defendant Kennedy might be a public defender. It is unclear from Mr. Stewart's allegations. Regardless of whether she is a private or a public attorney, under settled law, she is not considered a state actor for purposes of § 1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453.

## III. Conclusion

The Court recommends that Mr. Stewart's claims be DISMISSED. The Court also recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 22nd day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE